```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

JOHN DRISKILL JR.,              §
                                §
        Petitioner,             §
                                §
VS.                             §    Civil Action No. 4:14-CV-619-Y
                                §
RODNEY W. CHANDLER, Warden,     §
FCI-Fort Worth,                 §
                                §
        Respondent.             §
```

## OPINION AND ORDER

Before the Court is Petitioner John Driskill Jr.'s petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I.  Factual and Procedural Background

Petitioner is serving a 262-month term of imprisonment on his 1998 convictions in the Western District of Oklahoma. (J., United States v. Driskill, U.S. Pacer, Criminal Docket for Case No. 5:98-cr-00030-C-2, ECF No. 82.)  By way of this petition, Petitioner challenges a 2013 disciplinary proceeding conducted at FCI-Fort Worth, and the resultant sanctions, including the loss of 10 days of accrued good time. (Resp't's App. 23, ECF No. 8.)  Petitioner was charged in Incident Report No. 2487763 with use of the mail for abuse, a Code 296 violation. (*Id.* at 10, 20.)  The reporting employee alleged (all redactions of names and inmate numbers and

errors in punctuation are in original):

> On September 3, 2013, at 7:30 am., this writer reviewed an outgoing letter from inmate ▮▮▮ to ▮▮▮. He wrote, "Alright let me try and let you know what Jay's(inmate Driskill, Reg. No. 139006-064) trying to tell you!!...He is not calling you a snitch, he's telling you anything that concerns you just put Sis, and don't' use J.W. (inmate ▮▮▮) ever just say Bro says!! Instead of using Apple's (inmate ▮▮▮) name just say snitch and he know who your talking about!!! That way they can't put a name to anything!! That's why I was telling you to DELETE everyone...delete everyone except Jay and send him the address I'm putting on the bottom of this letter and tell him I said to give it to Keith (inmate ▮▮▮) and everybody else on the list of names I put on the bottom of the page too!!!" Also included is another paper which is labeled, "Email to Jay," which also directs, "For these to write me: Keith (inmate ▮▮▮), Rocket (inmate ▮▮▮), Donovan (inmate ▮▮▮), Mike S.,k Trent ▮▮▮ (inmate ▮▮▮)...6002 E.C.R. 84, Midland, Texas, 79706." A review of the electronic mail show communication frequently being passed back and forth between inmate ▮▮▮ who is housed in Administrative Detention and the others in the general population. One electronic mail from inmate Driskill in which inmate ▮▮▮ is attempting to explain to ▮▮▮ in the letter. A review of all messages sent to this electronic mail site revealed a total of 26 sent and received messages of inmate Driskill.

(*Id.* at 10.) Additional details were provided by the reporting employee in a memorandum. (*Id.* at 22.)

Petitioner received notice of the charges, was advised of his rights, and attended a disciplinary hearing on September 19, 2013, during which he denied the charges. (Resp't's App. 10, 20.) Documentary evidence was admitted, including the offense report and memorandum, a seven-page handwritten letter to Diane Stickney, and twelve pages of TruView (email). (*Id.* at 21-22.) After considering the evidence, the disciplinary hearing officer (DHO)

2

found that Petitioner had committed the prohibited act. (*Id.* at 23.) A copy of the DHO's report was delivered to Petitioner on October 3, 2013. (*Id.* at 24.) Petitioner appealed the DHO's decision, but the Regional Director denied relief, stating–

> You are appealing a Discipline Hearing Officer (DHO) action of 9/19/13, for Code 296, Use of the Mail for Abuses Other than Criminal Activity Which Circumvent Mail Monitoring Procedures (e.g. use of mail to commit or further a High category prohibited act, special mail abuse, writing letters in code; directing others to send sending, or receiving a letter or mail through unauthorized means; sending mail for other inmates without authorization; sending correspondence to a specific address with directions or intent to have correspondence sent to an unauthorized person).
>
> The record of this disciplinary action reflects you were advised of your rights and afforded the opportunity to exercise those rights in accordance with Program Statement 5270.09, <u>Inmate Discipline Program</u>. A review of the incident report, the investigation, the evidence and related documentation indicates there is sufficient evidence to support the DHO's decision.
>
> This incident involved you using the mail in an unauthorized manner. Specifically, on 9/3/13, the reporting staff member reviewed an outgoing letter from another inmate. A review of the electronic mail associated with another inmate revealed diane13511@yahoo.com to which you and other inmates share on your e-mail list. A review also shows communication frequently being passed back and forth between you and another inmate housed in the Special Housing Unit. The DHO took your statement into consideration when determining you committed the prohibited act.
>
> You contend the physical evidence does not justify the decision made by the DHO. Furthermore, you contend that your due process rights were violated because you were not allowed to view the e-mails that were used as evidence against you. In Section V of the DHO report, the DHO thoroughly documented the evidence relied upon to conclude you committed the prohibited act. The sanctions

3

>     imposed are within policy and commensurate with the
>     finding you committed the prohibited act in the High
>     severity category. . . .

(Pet. 17, ECF No. 1.) Petitioner asserts he pursued the appeal process to the national level but never received a response. (*Id.* at 19.)

## II. Discussion

Where a prison disciplinary hearing results in the loss of good-time credits, constitutional due process requires that the inmate receive (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). "Some evidence" in support of the DHO's decision is all that is required. *Hill,* 472 U.S. at 455. A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence. *Id.* at 455. It is the role of the DHO to determine the weight and credibility of the evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). Contrary to Petitioner's claim, there was sufficient evidence to

4

support the DHO's decision.  In fact, the incident report, standing alone, is sufficient to constitute some evidence in support of the guilty determination regardless of the existence of other evidence. *Hill*, 472 U.S. at 454.

Petitioner also claims his right to equal protection was violated in the administrative appeal process because a "co-defendant" received more favorable treatment by the Regional Director. Pet'r's Mem. 12, ECF No. 2.  The Equal Protection Clause requires that all people similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To make out a successful claim, a petitioner must show purposeful discrimination that had a discriminatory effect on the petitioner. *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987).  Thus, a federal inmate's allegation that he received harsher treatment than other inmates for the same disciplinary offense is insufficient to establish an equal-protection claim absent evidence that the inmate's treatment was the result of purposeful discrimination. Petitioner has wholly failed to make such a showing.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED.  Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED March 31, 2015.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE